# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0682, <u>State of New Hampshire v. Steven Clark</u>, the court on February 1, 2022, issued the following order:**

On November 26, 2019, the defendant, Steven Clark, appealed his convictions, following a jury trial in the Superior Court (<u>Delker</u>, J.), on five counts of aggravated felonious sexual assault (AFSA), <u>see</u> RSA 632-A:2 (2018), one count of attempted AFSA, <u>see</u> RSA 632-A:2, II; RSA 629:1 (2018), and one count of felonious sexual assault, <u>see</u> RSA 632-A:3, III (2018). The defendant argued, among other things, that the Superior Court (<u>Wageling</u>, J.) may have erred when, after conducting an <u>in camera</u> review of certain confidential records, the court ordered that only certain portions of those records be disclosed to him.

On October 22, 2021, this court issued an opinion affirming the defendant's convictions, in part, and remanding. <u>See</u> <u>State v. Clark</u>, 174 N.H. ___ (decided October 22, 2021). We observed that, when the trial court conducted its <u>in camera</u> review, it did not have the benefit of our opinion in <u>State v. Girard</u>, 173 N.H. 619 (2020), in which we clarified the standard that a trial court must apply when determining whether confidential records must be disclosed to a defendant. <u>See</u> <u>Clark</u>, 174 N.H. at ___ (slip op. at 8). We therefore remanded to the trial court for the limited purpose of having it review the confidential records again, in accordance with the standard set forth in <u>Girard</u>. <u>See</u> <u>id</u>. at ___ (slip op. at 8).

We instructed the trial court to report the results of its review to this court. <u>Id</u>. at ___ (slip op. at 8). We stated that if the court determined that it would have disclosed any of the records that it withheld had it applied the standard set forth in <u>Girard</u>, it was required to order a new trial unless it determined that its failure to disclose such records was harmless beyond a reasonable doubt. <u>Id</u>. at ___ (slip op. at 8). If the court determined under <u>Girard</u> that it would have ordered the disclosure of any of the withheld records, but that its failure to disclose such records was harmless beyond a reasonable doubt, it was required to identify in its report the records that it would have disclosed, but was ordered not to disclose such records to the parties. <u>Id</u>. at ___ (slip op. at 8-9). Unless the court determined that the defendant was entitled to a new trial, the clerk of the Rockingham County Superior Court was ordered to transfer the confidential records to this court after the trial court completed

its review of the records and reported the results of the review to this court.  <u>Id</u>. at __ (slip op. at 9).

The trial court (<u>Delker</u>, J.) completed its review of the records, and determined that it would not have disclosed any additional records to the defendant had it applied the standard set forth in <u>Girard</u>.  We review a trial court's ruling on the management of discovery to determine whether its decision is sustainable.  <u>Girard</u>, 173 N.H. at 627.  Under the circumstances of this case, to determine whether the court's decision is not sustainable, we review the court's rulings to determine whether they were clearly untenable or unreasonable to the prejudice of the defendant's case.  <u>State v. Guay</u>, 162 N.H. 375, 385 (2011).  After reviewing all of the records reviewed by the trial court, we conclude that the court sustainably exercised its discretion when it determined that it would not have disclosed any additional records had it applied the standard set forth in <u>Girard</u>.

<u>Affirmed</u>.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2